**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.

ELSA RAIL AND
PATRICIA MARTINEZ

      Plaintiffs,

v.

GLOBAL CASINOS, INC. and
DOC HOLLIDAY CASINO II, LLC, d/b/a
DOC HOLLIDAY CASINO

      Defendants.

---

**COMPLAINT AND JURY DEMAND**

---

COMES NOW the Plaintiffs, Elsa Rail and Patricia Martinez, by and through undersigned counsel, and hereby file this Complaint and Jury Demand and states the following:

### I.    INTRODUCTION

1. This is an action brought under Title VII of the 1964 Civil Rights Act, as amended, 42 U.S.C. § 2000e *et seq.*, challenging Defendants' illegal discrimination, harassment, and retaliation toward Plaintiffs and for state common law claims set forth in this Complaint.

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. Section 1331 and the Court's pendent claim jurisdiction under 28 U.S.C. Section 1367(a).

3. Venue is appropriate in this District under U.S.C. section 1391(b) and (c).

4. Plaintiff Patricia B. Martinez ("Martinez") is a resident of El Paso County, Colorado.

5. Plaintiff Elsa Rail ("Rail") is a resident of Arapahoe County, Colorado.

6. Defendant Global Casinos, Inc. ("Global Casinos") is a Colorado corporation doing business in Gilpin County, Colorado.

7. Upon information and belief, Defendant Doc Holliday Casino II, LLC d/b/a Doc Holliday Casino ("Doc Holliday" or "the Casino") is a Colorado limited liability company and subsidiary of Global Casinos, Inc.

8. The acts about which Rail and Martinez complains occurred in Gilpin County, Colorado.

## II. PROCEDURAL REQUIREMENTS

9. On approximately May 21, 2010, within 300 days of the acts about which she complains, Martinez and Rail filed charges of employment discrimination against Defendants with the U.S. Equal Employment Opportunity Commission.

10. On approximately February 28, 2011, less than 90 days prior to the filing of this Complaint, the Equal Employment Opportunity Commission issued a Notice of Right to Sue with respect to Rail and Martinez' charges.

## III. FACTUAL BACKGROUND

11. During or about June 2009, Doc Holliday hired Martinez as a pit dealer at its casino in Central City, Colorado.

12. During or about July 2009, Doc Holliday hired Rail as a pit dealer at its casino in Central City, Colorado.

13. Both Rail and Martinez performed their duties efficiently including taking bets, dealing cards, setting-up card tables and interacting with customers. Both Rail and Martinez performed high quality work and were likeable among the customers.

14. Peter van Son ("Mr. van Son") and Bill Sanchez ("Mr. Sanchez") were the immediate supervisors of Rail and Martinez.

15. Michael Rinaldi was a dealer in the pit.

16. Mr. van Son and Mr. Rinaldi subjected Rail and Martinez to gross, severe and unlawful sexual harassment, including but not limited to:

   a. Mr. van Son and Mr. Rinaldi made distressing remarks that Rail and Martinez could earn extra money by dancing on tables, and that they wanted to add a stripper pole to the pit area in which Rail and Martinez could dance;

   b. Mr. van Son accused Rail and Martinez of eating too much, and stating that they would have to be weighed in because the company did not want "fat chick dealers";

   c. Mr. van Son and Mr. Rinaldi made derogatory comments about other females who share attributes with Rail and Martinez in particular;

   d. Mr. van Son and Mr. Rinaldi made numerous derogatory comments about the race of Martinez and Rail and the races of customers;

   e. Mr. van Son and Mr. Rinaldi discussed the personal body parts of Rail and Martinez;

   f. Mr. van Son and Mr. Rinaldi made remarks and gestures to guests that Rail and Martinez only made tips because they had large breasts;

   g. Mr. Van Son made disturbing and false accusations to Rail and Martinez that they were only able to obtain their jobs because they performed sexual favors for another manager at the casino, Dennis Schroeder ("Mr. Schroeder").

 17. Mr. van Son made racially hostile remarks to Rail, often referring to her as "crazy Philippi lady." Mr. van Son also made racially hostile remarks to Plaintiff regarding the races of customers, referring to them as "dirty Mexicans," "beaners," and "dirty black guy." Mr. van Son stated to Plaintiff that customers of Asian decent were suspicious because of their ability to count cards and take money from the casino.

 18. During October 2009, Rinaldi threw Rail's tip box to the ground in front of customers and called her a "tip whore."

 19. During Halloween (October 31) 2009, Martinez and Rail were dressed as cheerleaders. Rinaldi repeatedly told customers that Martinez and Rail were dressed as whores. Rinaldi told customers that he was the pimp and that customers who wanted to have sex with Martinez and Rail would have to pay him for services.

 20. Mr. Sanchez subjected Rail to gross and severe sexual harassment and fear of imminent physical harm, including but not limited to willfully, intentionally and maliciously:

  a. showing Rail a picture of his naked body and his penis without her prior consent;

  b. asking Rail to look down his pants in order to see his genitals while Rail and Mr. Sanchez were alone in Mr. Sanchez's office.

 21. Rail and Martinez complained about sexually harassing behavior of Mr. van Son, Mr. Sanchez and Mr. Rinaldi to Mr. Sanchez and Mr. Schroeder.

22.     Both Mr. Schroeder and Mr. Sanchez failed to take prompt and appropriate remedial action in response to the complaints of sexual harassment lodged by Rail and Martinez. Rail and Martinez were repeatedly told by Doc Holliday's management that if they were unhappy that they should find employment elsewhere.

23.     The Casino does not have a dedicated Human Resources department to handle complaints of this type of harassment. Rail and Martinez were unable to report the sexual harassment and racial hostility to a neutral party, and were instead forced to report the harassment to the same individuals who were harassing her.

24.     The Casino retaliated against Rail and Martinez for their complaints by refusing to address the harassment they reported and instead telling Rail and Martinez that they should keep their accusations quiet if she wanted to keep her job.

25.     The Casino paid Rail and Martinez a lower wage than their male co-workers and Rail and Martinez were denied opportunities to increase their wage because of their gender and national origin.

26.     On November 14, 2009, Martinez was constructively discharged from her employment with the Casino as she was forced to resign from the company.

27.     On February 26, 2010, Rail was constructively discharged from her employment with the Casino as she was forced to resign from the company.

28.     Mr. van Son was an employee and agent of Defendants, acting at all material times in the scope of his employment and agency.

29.     Mr. Sanchez was an employee and agent of Defendants, acting at all material times in the scope of his employment and agency.

30. Mr. Rinaldi was an employee and agent of Defendants, acting at all material times in the scope of his employment and agency.

31. Mr. Schroeder was an employee and agent of Defendants, acting at all material times in the scope of his employment and agency.

32. The Defendants' harassing, discriminatory actions and retaliatory actions have caused Rail and Martinez to incur severe emotional distress, mental anguish, depression, pain and suffering, loss of enjoyment of life, embarrassment, humiliation and substantial lost wages.

## COUNT I
## SEXUAL HARASSMENT
## (VIOLATION OF TITLE VII)

33. Plaintiffs replead paragraphs 1 through 32 as if fully set forth herein.

34. Defendants discriminated against Plaintiffs and subjected Rail and Martinez to harassment.

35. The sex of Rail and Martinez was a motivating factor in the Casino's discrimination and harassment, and the harassment carried out by its employees and agents.

36. Plaintiffs complained to Defendants about the discrimination and harassment they experienced and otherwise opposed practices made unlawful by Title VII of the 1964 Civil Right Act.

37. The Defendants refused to take remedial action and retaliated against Plaintiffs.

38. As a result of Defendants' acts and omissions, Plaintiffs have in the past and will in the future suffer injuries and damages as set forth above.

39. Defendants acted with malice and reckless disregard for Plaintiffs' federally protected rights.

40. To remedy the violation of Plaintiffs' rights, Plaintiffs request that the Court award the relief prayed for below.

## COUNT II
## RACE AND NATIONAL ORIGIN DISCRIMINATION
## (VIOLATION OF TITLE VII)

41. Plaintiffs replead paragraphs 1 through 40 as if fully set forth herein.

42. Defendants discriminated against Plaintiffs and subjected Rail and Martinez to harassment.

43. The race and national origin of Rail and Martinez were motivating factors in Defendants' discrimination and harassment, and the harassment carried out by its employees and agents.

44. Plaintiffs complained to Defendants about the discrimination and harassment they experienced and otherwise opposed practices made unlawful by Title VII of the 1964 Civil Right Act.

45. As a result of Defendants' acts and omissions, Plaintiffs have in the past and will in the future suffer injuries and damages as set forth above.

46. The Defendants acted with malice and reckless disregard for Plaintiff's federally protected rights.

47. To remedy the violation of Plaintiffs' rights, Plaintiffs request that the Court award the relief prayed for below.

## COUNT III
## EQUAL PAY DISCRIMINATION
## (VIOLATION OF TITLE VII)

48. Plaintiffs replead paragraphs 1 through 47 as if fully set forth herein.

49. Defendants discriminated against Plaintiffs and subjected her to harassment.

50. The sex of Rail and Martinez was a motivating factor in Defendants' equal pay discrimination and harassment, and the harassment carried out by its employees and agents.

51. The Defendants paid Rail and Martinez a lower wage than their male co-workers and Rail and Martinez were denied opportunities to increase their wage because of their gender and national origin.

52. Plaintiffs complained to Defendants about the discrimination and harassment they experienced and otherwise opposed practices made unlawful by Title VII of the 1964 Civil Right Act.

53. Defendants refused to take remedial action and retaliated against Plaintiffs.

54. As a result of Defendants' acts and omissions, Plaintiffs have in the past and will in the future suffer injuries and damages as set forth above.

55. Defendants acted with malice and reckless disregard for Plaintiff's federally protected rights.

56. To remedy the violation of Plaintiffs' rights, Plaintiffs request that the Court award the relief prayed for below.

### COUNT IV
### RETALIATION
### (VIOLATION OF TITLE VII)

57. Plaintiffs replead paragraphs 1 through 56 as if fully set forth herein.

58. Defendants discriminated against Plaintiffs and subjected her to harassment.

59. The sex of Rail and Martinez was a motivating factor in Defendants' discrimination and harassment, and the harassment carried out by its employees and agents.

60. The race of Rail and Martinez was a motivating factor in Defendants' discrimination and harassment, and the harassment carried out by its employees and agents.

61. Plaintiffs complained to Defendants about the discrimination and harassment they experienced and otherwise opposed practices made unlawful by Title VII of the 1964 Civil Right Act.

62. Defendants refused to take remedial action and retaliated against Plaintiff.

63. Plaintiffs' protected activity was a factor motivating Defendants' retaliation against Plaintiffs.

64. As a result of Defendants' acts and omissions, Plaintiffs have in the past and will in the future suffer injuries and damages as set forth above.

65. Defendants acted with malice and reckless disregard for Plaintiff's federally protected rights.

66. To remedy the violation of Plaintiffs' rights, Plaintiffs request that the Court award the relief prayed for below.

## COUNT V
## OUTRAGEOUS CONDUCT
## (COLORADO COMMON LAW CLAIM)

67. Plaintiffs replead paragraphs 1 through 66 as if fully set forth herein.

68. The Defendants' outrageous and intolerable acts, which were calculated to inflict severe emotional distress on Plaintiffs, did in fact result in severe emotional distress to Plaintiffs, as a result of which Plaintiffs suffered physical damages.

69. The Defendants' discriminatory and retaliatory actions committed were calculated to inflict severe emotional distress on Plaintiffs.

70. The actions of the Defendants were not only intentional, but were also taken in a spirit of mischief, spite, and ill-will.

71. As a result of Defendants' acts and omissions, Plaintiffs have in the past and will in the future suffer injuries and damages as set forth above.

72. Defendants acted with malice and reckless disregard for Plaintiff's federally protected rights.

73. To remedy the violation of Plaintiffs' rights, Plaintiffs request that the Court award the relief prayed for below.

WHEREFORE, Plaintiffs Elsa Rail and Patricia Martinez demand judgment against Defendants Global Casinos, Inc. and Doc Holliday Casino II, LLC d/b/a Doc Holliday Casino, jointly and severally, in an amount which will fully and fairly compensate Rail and Martinez for their injuries and damages, for back pay, for front pay, for compensatory damages (including without limitation emotional distress, mental anguish, pain and suffering, loss of enjoyment of life), consequential damages, special and general damages, for punitive damages, exemplary damages, for interest as allowed by law, for attorney's fees, expert witness fees, legal expenses, for the costs of this action, for appropriate equitable and injunctive relief, and for such other just, legal and equitable relief.

## JURY DEMAND

The Plaintiffs hereby request a trial by jury in the above-captioned matter.

Respectfully submitted,

_/s/_

Schatten Law Firm
1120 Lincoln Street, Suite 1000
Denver, Colorado 80203
Telephone: (303) 388-3200
Fax: (720) 306-2359
ATTORNEY FOR PLAINTIFFS

Dated:     May 26, 2011